The Memorandum Decision and Order below is hereby
signed.  Daed: October 3, 2008.



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| VALRICA GILYARD, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Misc. No. 07-20001 | |
| ) | | |
| WILLIAM DOUGLAS WHITE, ) | Not for Publication in | |
| ) | West's Bankruptcy Reporter | |
| Defendant. ) | | |

MEMORANDUM DECISION AND ORDER RE WRIT OF ATTACHMENT

This addresses a writ of garnishment on funds held by the trustee in a chapter 7 case in this court, In re Russell C. Hughes, Case No. 07-20001.

I

In 2005, Russell C. Hughes, as debtor, commenced Case No. 05-00276 by filing a voluntary petition under chapter 11 of the Bankruptcy Code, but the case was later converted to a case under chapter 7 of the Bankruptcy Code.  William Douglas White was appointed the chapter 7 trustee.  White has sold various properties in this case in which both Russell C. Hughes and his wife, Marie Hughes, had an interest.

White has reported to the court that Valrica Gilyard has recovered a judgment against Marie Hughes in some other court. Someone (presumably Gilyard's attorney)[1] filed with the clerk on February 22, 2007, a proposed Writ of Attachment On Judgment Other Than On Wages, Salary and Commissions Owed by an Employer (the "Writ"). The Writ bore Case No. 05-00276 (but listed as the debtor Marie Hughes instead of Russell C. Hughes), and was directed to William Douglas White as garnishee. The Writ recites that a judgment against Marie Hughes was entered in favor of Valrica Gilyard on May 24, 1996, in the amount of $325,000.00, and directed White to answer attached interrogatories regarding any amounts he owed to Marie Hughes and any property held by him belonging to Marie Hughes. No such judgment was ever entered against Marie Hughes in In re Russell C. Hughes, Case No. 05-00276, and no such judgment has ever been registered in this court pursuant to 28 U.S.C. § 1963. Accordingly, there was no judgment pending in this court pursuant to which a writ could be issued.

The clerk's office docketed the Writ as Miscellaneous Proceeding No. 07-20001, and on the docket assigned it a caption of Valrica Gilyard, Plaintiff v. William Douglas White, Defendant even though the Writ itself bore no such caption. The Writ was

---

[1] No signed request for issuance of the Writ is in the court's file.

never signed by the clerk, and thus was a nullity.

Nevertheless, on March 6, 2007, White filed answers to the interrogatories that had been attached to the Writ.  There the matter sat until, recently, more than a year later, an attorney inquired of the clerk whether the parties needed to do anything on the matter.

## II

Because the Writ is a nullity, and cannot properly be issued by the clerk, I will direct that this miscellaneous proceeding be closed, and the Writ will be dismissed.

## III

Additionally, the Writ provided that if Gilyard, as the judgment creditor, failed to file a motion for judgment:

- within 28 days after you have timely filed and served answers to the interrogatories; or
- within such later time as may be authorized by the court upon a motion made within the applicable period

then the garnishment and attachment shall stand dismissed, within 28 days after answers to interrogatories were filed,unless a judgment has already been entered within the time provided above.

For this additional reason, the Writ must be dismissed, as Gilyard never filed a motion for entry of a judgment.

## IV

To the extent that Gilyard had recorded her judgment, so that it became a lien upon any real properties owned by Marie Hughes, that lien may have attached to the proceeds of sales of

3

property in which Marie Hughes had an interest.  The trustee contends that this would not be the case if the property was held by Marie Hughes and Russell C. Hughes as tenants by the entirety, but if he has any uncertainty in that regard, he could file an interpleader action against Gilyard and Marie Hughes to obtain a ruling from the court as to the proper recipient of any proceeds in which Marie Hughes has an interest.

If Gilyard's judgment never attached as a lien upon properties in which Marie Hughes has an interest, Gilyard would be entitled under non-bankruptcy law to execute by way of a writ of garnishment to reach any proceeds of sales of properties in which Marie Hughes has an interest.[2]  By having answered the interrogatories served with the Writ, White does not appear to view a writ of garnishment as creating problems for him as trustee, but he might not react the same way to a writ issued by the Superior Court of the District of Columbia.  The modern trend is to permit a judgment lien creditor to execute upon trustees in bankruptcy with respect to amounts owed to a creditor of the estate.  Brickell v. Dunn (In re Brickell), 2005 WL 1684935 (11th Cir. July 20, 2005), aff'g 292 B.R. 705 (Bankr. S.D. Fla.  2003)

---

[2]   If Gilyard's judgment was entered in a jurisdiction other than the District of Columbia, it might be necessary for Gilyard to first register her judgment in the District of Columbia before she could serve a writ of garnishment on the trustee.  See In re Infiltrator Systems, Inc., 251 B.R. 773 (Bankr. D. Conn. 2000).

(permitting post-judgment garnishment by a judgment creditor of a claimant entitled to a distribution of estate funds).[3] Here, the funds in which Marie Hughes has an interest are not even estate funds, and so this is an even stronger case for permitting her creditors to execute on the trustee. But Gilyard's safer course would be to obtain White's consent ahead of time to being served with a writ of garnishment from the Superior Court or to file a motion with this court permitting her to serve a Superior Court writ of garnishment on the trustee.[4]

Once such a writ is served, White could file an action in this court (assuming it has jurisdiction) to determine the entity entitled to the funds or file an interpleader action in a tribunal of appropriate jurisdiction to obtain an adjudication of the entity entitled to the funds, and to wash himself of any

---

[3] Similarly, numerous decisions uphold the effectiveness of the Internal Revenue Service's serving a levy on a trustee holding amounts owed to a delinquent taxpayer who is a creditor of the estate or otherwise owed amounts by the trustee. See Beam v. IRS (In re Beam), 192 F.3d 941 (9th Cir. 1999); United States v. Ruff, 99 F.3d 1559 (11th Cir. 1996); United States v. Hemmen, 51 F.3d 883 (9th Cir. 1995); B & G Ltd. v. Levin (In re Meter Maid Indus., Inc.), 462 F.2d 436 (5th Cir. 1972) (Bankruptcy Act case); In re Quakertown Shopping Center, Inc., 366 F.2d 95 (3d Cir. 1966) (Bankruptcy Act case).

[4] The trustee might seek to have the court decree that permission to serve a writ does not include permitting proceedings in the Superior Court to enforce the writ, and staying such enforcement, unless otherwise ordered by this court. That would permit Gilyard to obtain a garnishment lien, but would permit the trustee to decide where to litigate any dispute between Gilyard and Marie Hughes as to who is entitled to the funds.

further responsibility regarding the funds.  One might think that this court would have subject matter jurisdiction over such an action as it goes to the issue of administering the *res* in the trustee's hands--whether the owner be the estate, the debtor, or someone else--but some decisions suggest otherwise.  <u>See</u> <u>Menotte v. United States (In re Garcia)</u>, 2002 WL 31409580 (S.D. Fla. Sept. 6, 2002) (bankruptcy court lacked jurisdiction to adjudicate whether debtor or IRS that levied on trustee for taxes owed by debtor was entitled to funds exempted by the debtor and held by the trustee), <u>citing</u> <u>In re Wesche</u>, 178 B.R. 542 (Bankr. M.D. Fla. 1995); <u>In re Graziadei</u>, 32 F.3d 1408 (9th Cir. 1994); <u>Novak v. O'Neal</u>, 201 F.2d 227, 231 (5th Cir. 1953) (Bankruptcy Act).  <u>But</u> <u>see</u>  Ralph Brubaker, <u>On the Nature of Federal Bankruptcy Jurisdiction: A General Statutory and Constitutional Theory</u>, 41 Wm. & Mary L. Rev. 743, 892-903 (2000) (criticizing such decisions).

V

Based on the foregoing, it is

ORDERED that the writ filed in this Miscellaneous Proceeding is stricken and dismissed without prejudice, and this Miscellaneous Proceeding is closed.

[Signed and dated above.]

Copies to: Debtor; William Douglas White, Esq.; Richard Gins, Esq.; Benjamin Saulter, Esq.; Office of United States Trustee; and Marie Hughes, 1420 Madison Street, NW, Washington, DC 20011.